UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

ALICIA ECKSTEIN
on behalf of herself and all
others similarly situated,

    Plaintiff,

v.

ST. PAUL ELDER SERVICES, INC.,

    Defendant.

Case No. 19-cv-945

**JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND CLASS AND COLLECTIVE CERTIFICATION**

**INTRODUCTION**

Plaintiff, Alicia Eckstein ("Eckstein"), on behalf of herself and all others similarly-situated, and Defendant, St. Paul Elder Services, Inc. ("St. Paul") (collectively, the "Parties"), jointly move the Court for preliminary approval of the Parties' settlement of this lawsuit in accordance with the Settlement Agreement and Release (the "Agreement") (ECF No. 18-1.).

The Agreement, attached to this Motion as **Exhibit 1**, provides for a total monetary settlement payment of $36,712.74 inclusive of attorneys' fees and costs. The Parties believe that the settlement is fair and reasonable, as it fully and adequately satisfies the Court's criteria for such settlements. As such, the Parties respectfully request that the Court enter an order which:

(1) Preliminarily approves the Agreement as fair, reasonable, and adequate;

1

(2) Certifies, for settlement purposes only, the proposed class pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Rule 23 Class") and collective pursuant to the Fair Labor Standards Act (the "FLSA Collective") (collectively, the "Settlement Class");

(3) Designates Eckstein as representative of the Settlement Class;

(4) Appoints Walcheske & Luzi, LLC as counsel for the Settlement Class ("Class Counsel");

(5) Approves the Opt-In Consent Form ("Consent Form") and Notice of Class and Collective Action and Proposed Settlement (the "Notice") attached to the Agreement as Exhibits A and B, respectively, and approves the Notice as the best notice practicable under the circumstances to putative members of the Rule 23 Class and the FLSA Collective in full compliance with the due process clause of the United States Constitution;

(6) Establishes deadlines for putative members of the Rule 23 Class to opt out of the Rule 23 Class;

(7) Establishes deadlines for putative members of the FLSA Collective to submit Consent Forms to be included in the FLSA Collective;

(8) Directs that any putative member of the Rule 23 Class who has not properly opted out of the Rule 23 Class and any putative member of the FLSA Collective who properly submits a Consent Form shall be bound by the Agreement in the event the Court issues a Final Order Approving Settlement;

(9) directs any member of the Rule 23 Class or the FLSA Collective who wishes to object to the Agreement to do so pursuant to the instructions set forth in the Notice; and

(10) Schedule a Fairness Hearing for final approval of the Agreement.

# STATEMENT OF FACTS

## I. PROCEDURAL HISTORY

On June 28, 2019, Eckstein filed a Complaint against St. Paul on behalf of herself and all other similarly situated employees. (ECF No. 1.) Eckstein, herself, was an hourly-paid, non-exempt employee of St. Paul during the three (3) year period preceding the filing of the Complaint. Eckstein alleged, *inter alia,* that St. Paul failed to include all non-discretionary forms of monetary compensation in hourly-paid, non-exempt employees' regular rates of pay for overtime calculation and compensation purposes in workweeks when said employees worked in excess of forty (40) hours during the representative time period for which the non-discretionary remuneration covered. *See* 29 U.S.C. § 207(a)(1) and (e); *see also* Wis. Stat. § 103.025(1)(c) and Wis. Admin Code § DWD 274.03. Eckstein also sought additional amounts as liquidated damages, penalties, and attorneys' fees and costs. (*See* ECF No. 1.)

After St. Paul filed its Answer to the Complaint, Eckstein issued written discovery and the Parties engaged in the informal exchange of discovery. Thereafter, the Parties engaged a third-party mediator, Ms. Deborah Haude, to facilitate formal settlement negotiations between the Parties.

## II. SETTLEMENT BACKGROUND

Beginning on November 22, 2019 and continuing thereafter, the Parties engaged in formal settlement negotiations, and on December 2, 2019, the Parties entered into a Proposed Settlement Term Sheet. On February 5, 2020, the Parties finalized their Agreement.

Eckstein firmly believes in the viability and successfulness of the causes of action against St. Paul alleged in the Complaint. Conversely, St. Paul has denied, and continues to deny, all liability and damages with respect to the causes of action asserted by Eckstein in the Complaint.

To avoid the burden, expense, and uncertainty of continued litigation, however, the Parties concluded that it was in their respective best interests to resolve the litigation when, on February 5, 2020, the Parties were able to reach a private settlement. The Parties now request that the Court approve the Agreement.

The Parties worked diligently to reduce their settlement to writing and finalize the other necessary details for the settlement, including the language in the Consent Form and Notice, the allocation of the settlement funds amongst the putative members of the Settlement Class, and other documents necessary to memorialize the Parties' agreement.

### III. THE AGREEMENT

The Agreement is summarized below.

#### A. The Rule 23 Class and FLSA Collective

Because Eckstein brought claims under both the Fair Labor Standards Act ("FLSA") and the Wisconsin Wage Payment and Collection Law ("WWPCL"), the case involves both collective action and class action procedures. Eckstein's claims under the FLSA are governed by collective action procedures under the FLSA and her claims under the WWPCL are governed by class action procedures under Rule 23.

For settlement purposes only, the parties have agreed to certify the following Rule 23 Class pursuant to Rule 23:

> All hourly-paid, non-exempt employees employed by Defendant in its Wisconsin facilities within the two (2) year period immediately preceding the filing of the Complaint (ECF No. 1) who received compensation in addition to their straight time rate of pay during workweeks in which said employees worked in excess of forty (40) hours.

(*See* ECF No. 18-1 §§ 1.1, 1.22, 1.25.)

For settlement purposes only, the parties have agreed to certify the following FLSA Collective pursuant to the FLSA:

> All hourly-paid, non-exempt employees employed by Defendant within the two (2) year period immediately preceding the filing of the Complaint (ECF No. 1) who received compensation in addition to their straight time rate of pay during workweeks in which said employees worked in excess of forty (40) hours.

(*See* ECF No. 25-1 § 1.8.)

**B.   Summary of Settlement Agreement's Terms**

The general terms of the Agreement can be summarized as follows:

- St. Paul will contribute certain amounts to a settlement fund;

- For settlement purposes only, the Parties shall stipulate to certify the Rule 23 Class and FLSA Collective; such stipulation has been filed herewith (ECF No.17);

- Within forty-five (45) days of the Court's final judgement approving settlement, payments will be made from the settlement fund to the members of the Rule 23 Class and FLSA Collective (*See* ECF No. 18-1 § 2.3);

- If a putative member of the Rule 23 Class does not opt out from the settlement in compliance with the exclusion procedures set forth in the Agreement and Notice, he or she will be entitled to the portion of the settlement fund reserved for that individual's claims under the FLSA as set forth in Exhibit C to the Agreement (*See* ECF No. 18-1 §§ 2.3, 3.4.);

- If a member of the FLSA Collective submits a Consent Form in compliance with the procedures set forth in the Agreement and Notice, he or she will be entitled to the portion of the settlement fund reserved for that individual's claims under the WWPCL as set forth in Exhibit C to the Agreement. (*See* ECF No. 18-1 §§ 2.3, 3.4.);

5

- Any portion of the Settlement Fund that is not paid to a putative member of the Rule 23 Class or the FLSA Collective due to that individual's exclusion from the settlement or failure to cash a settlement check within 120 days from the date the check is issued to that individual will revert to St. Paul (*Id.*);

- Upon approval by the Court, Eckstein will receive a service payment in the amount set forth in the Agreement. (ECF No. 25-1 § 3.3(A));

- Upon approval by the Court, Class Counsel will receive reimbursement for reasonable attorneys' fees and costs spent litigating and resolving this matter in the amount set forth in the Agreement, which the parties agree are reasonable (ECF No. 25-1 § 3.2(A));

- In exchange for the above payments, Eckstein and members of the FLSA Collective agree to release and forever discharge St. Paul for their respective claims under federal law, including the FLSA, for unpaid overtime, and/or agreed upon wages resulting from St. Paul's compensation practices, relating back to the full extent of the applicable statute of limitations and continuing through and including the date of the Court's final judgment. (ECF No. 18-1 § 4.1); and

- In exchange for the above payments, Eckstein and members of the Rule 23 Class agree to release and forever discharge St. Paul for their respective claims under Wisconsin law, including Wisconsin Statues chapters 103 and 109 and Wisconsin Administrative Code sections DWD 272 and 274, for unpaid overtime, and/or agreed upon wages resulting from St. Paul's compensation practices, relating back to the full extent of the applicable statute of limitations and continuing through and including the date of the Court's final judgment. (ECF No. 18-1 § 4.2.)

This Agreement is fair and was reached at arm's length and in recognition of the risks faced by the Parties. The Agreement is structured to maximize payment to participating members of the Settlement Class. The Notice proposed by the Parties adequately informs the members of the Settlement Class of their right to participate in the settlement, to exclude themselves from the settlement, and to object to the settlement, as well as the legal implications of those actions. (ECF No. 18-1, Ex. B). Because the settlement is fair and was reached by the Parties at arm's length, the Parties jointly request that the Court grant preliminary approval of the Agreement and allow Class Counsel to mail the Consent Form and Notice attached to the Agreement as Exhibits A and B respectively.

## ARGUMENT

I. **PRELIMINARY APPROVAL OF THE AGREEMENT IS APPROPRIATE**

   A. **The Criteria for Preliminary Approval Have Been Satisfied**

Resolution of class action litigation by settlement is favored by the federal courts. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Settlement of a FED. R. CIV. P. 23(b)(3) class action may be approved only if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. FED. R. CIV. P. 23(e).

In reviewing a proposed settlement agreement, courts "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). Other factors the courts are to consider are: the complexity, expense, and likely duration of the litigation; reaction of the class to the settlement; the stage of the proceedings and the amount

7

of discovery completed; the risks of establishing liability; the risks of establishing damages; the ability of the defendants to withstand greater judgment; and the range of reasonableness of the settlement funds to a possible recovery in light of all the attendant risks of litigation. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (abrogated on other grounds).

Preliminary approval of a class action settlement allows putative class members to receive notice of the proposed settlement terms and the date and time for the fairness hearing at which putative class members may be heard and further evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement agreement may be presented. *See* Manual for Complex Litigation at §§ 13.14, 21.632.

### 1. **The Agreement is fair, reasonable, and adequate**

The Agreement's terms outlined above are fair and reasonable for the Parties. Real disputes exist between the Parties as to whether liability exists in this case and, if liability were proven, the extent of the damages. Specifically, the parties disagree on Eckstein's ability to prove liability, a willful violation of the FLSA and WWPCL, and the amount/extent of any award of liquidated damages and/or civil penalties due to the members of the Settlement Class.

The monetary value for each individual member of the Settlement Class was determined by recalculating each and every putative Settlement Class Member's unpaid wages using approved methodology by the United States Department of Labor. Payments to participants are directly proportionate to amounts allegedly due to them under this described methodology and commensurate with the amount of overtime actually worked as well as the risk inherent in further litigation. This amount constitutes a reasonable and adequate recovery, and the parties' evaluation of St. Paul's payroll and time records and the risks of continued litigation. Beyond this, the Agreement is structured to maximize payment to participating members of the Settlement Class

by automatically issuing payments for individuals who do not exclude themselves from the Rule 23 Class because these payments are made without any action required by putative members of the Rule 23 Class.

### 2. **The Agreement was reached through extensive arm's length negotiations**

Despite the Parties' divergent views regarding Eckstein's assertions in her Complaint, they were able to work toward a compromise in this matter and negotiate at arm's length to resolve the claims brought by Eckstein on behalf of herself and all other similarly situated individuals. The Parties engaged in extensive discussions during the course of the litigation.

### 3. **The settlement fund provides adequate relief for the Settlement Class and the proposed allocation method equitably divides the settlement funds**

The proposed settlement allocation, attached as Exhibit C to the Agreement, lists the amount of the Settlement Fund that each participating settlement class member will receive in exchange for releasing claims under the FLSA and WWPCL, respectively. This is a reasonable recovery in light of the amount of all unpaid wages allegedly due by St. Paul to its hourly-paid, non-exempt employees. The type of claims in dispute, and the risks in the case, including the risk that Eckstein and putative Settlement Class members would receive nothing at trial. The settlement allocation has been calculated in the most precise manner possible, directly proportionate to the amount of wages allegedly owed, and was agreed to by Class Counsel. Liquidated damages and civil penalties were also factored into these calculations.

### 4. **The requested service payment is reasonable**

The Seventh Circuit recognizes that service payments are appropriate in circumstances such as those presented by this case and look to the following relevant factors: actions the plaintiff took to protect the class's interests; the degree to which the class benefitted from those actions;

and the amount of time and effort the plaintiff expended in pursuing litigation. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

The Agreement provides that Eckstein will receive a service payment in recognition of her efforts in this case, as well as the benefit each class member derived from those efforts. This service payment is fair and reasonable given the efforts undergone and risks assumed by Eckstein in initiating litigation and securing a recovery on behalf of herself as well as on behalf of the Settlement Class. The service payment is reasonable and well within the range of similar service payments approved by courts in the Eastern District. *See, e.g., Berger v. Xerox Corp. Ret. Income Guarantee Plan*, No. 00-584-DRH, 2004 U.S. Dist. LEXIS 1819, at *7 (S.D. Ill. Jan. 22, 2004) (awarding $20,000.00 to the named plaintiff); *Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 876–77 (7th Cir. 2012) (average award is $4,000.00 per class representative.) Accordingly, the Parties submit that the service payment to Eckstein is fair and reasonable under the circumstances and request that the Court approve the proposed service payment.

### 5. The requested attorneys' fees and costs are reasonable

As a result of this litigation and in furtherance of its resolution, St. Paul agreed that a portion of the overall settlement fund will be allocated to Class Counsel for Eckstein's reasonable attorneys' fees and costs spent litigating this matter to date and the anticipated amount of attorneys' fees and costs that will continue to be spent litigating this matter through its ultimate conclusion, *i.e.* $29,000.00. St. Paul does not oppose Class Counsel's request in this amount, which was negotiated with counsel for St. Paul during settlement negotiations in this matter.

Further, this amount will *not* come from or be taken as a percentage or portion of a common settlement fund for any individuals who have chosen not to participate in the settlement. St. Paul will pay this amount directly to Class Counsel, and the parties believe that this is fair, reasonable,

and representative of the actual and anticipated amount of time and cost that Class Counsel has spent (and will continue to spend) litigating this matter through its ultimate conclusion.

Because this matter does not involve the payment of attorneys' fees and costs as a percentage of a common settlement fund, this Court does not need to apply common fund principles in order to approve Eckstein's counsel's attorneys' fees and costs. *See, e.g., Florin v. NationsSt. Paul of Georgia, N.A.*, 34 F.3d 560, 564 (7th Cir. 1994) (stating that, "when a case results in the creation of a common fund for the benefit of the plaintiff class, the common fund doctrine allows plaintiffs' attorneys to petition the court to recover its fees out of the fund"); *see also Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, (7th Cir. 2013); *In re Synthroid Mktg. Litig.,* 264 F.3d 712 (7th Cir. 2001) (*"Synthroid I"*); *In re Synthroid Mktg Litig.*, 325 F.3d 974 (7th Cir. 2003) (*"Synthroid II"*).

## II. CERTIFICATION OF THE RULE 23 CLASS AND FLSA COLLECTIVE IS APPROPRIATE UNDER THE CIRCUMSTANCES.

The Court should certify the Rule 23 Class and FLSA Collective because both the Rule 23 Class and the FLSA Collective satisfy the class certification standard under Rule 23. *Espenscheid*, 705 F.3d at 772 (noting "there isn't a good reason to have different standards for the certification of the two different types of action, and the case law has largely merged the standards, though with some terminological differences.")

### A. The Rule 23 Class and FLSA Collective Satisfy the Implicit Standard of Definiteness Required by Courts.

In addition to the standards stated in FED. R. CIV. P. 23(a) and 23(b), federal courts require that the following implicit standards for certification be met: (1) the proposed class definition must be definite – that is, ascertainable, precise and objective[1]; and (2) the plaintiff must be a member of the class he or she represents.

---

[1] *Blihovde v., St. Croix*, 219 F.R.D. 617, 614 (W.D. Wis. 2003).

11

The members of the Rule 23 Class and FLSA Collective are definite. The Parties have identified these individuals, have produced discovery and payroll records regarding them, and have calculated their potential damages. The definitions of the Rule 23 Class and FLSA Collective do not include any subjective criteria. The Rule 23 Class and FLSA Collective include hourly-paid, non-exempt employees who were subject to St. Paul's payroll practices during a specific period of time. Eckstein is a member of the class she represents, is a former employee of St. Paul, and was subject to the pay practices at issue in the Complaint.

    **B.    The Rule 23 Class and FLSA Collective Satisfy Rule 23(a)'s Numerosity, Commonality, and Typicality Requirements and, Eckstein, with Her Counsel, Will Fairly and Adequately Protect the Interests of the Rule 23 Class and FLSA Collective.**

        **1.    <u>The Rule 23 Class and FLSA Collective satisfy Rule 23's numerosity requirement because there are more than 250 putative members</u>**

The Seventh Circuit has held that the numerosity requirement of FED. R. CIV. P. 23(a) requires a showing that the number of members in the proposed class is so large as to make joinder impracticable. *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 663-4 (7th Cir. 2004). Based on information provided by St. Paul, there more than two hundred and fifty (250) putative members of the Settlement Class. It would be administratively untenable to join each individual class member in this action and, therefore, numerosity has been met in this matter. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995) (citing *1 Newberg on Class Actions 2d*, § 3.05 (1985 ed.)), *see also Shields v. Local 705, Int'l Bhd. of Teamsters Pension Plan,* 188 F.3d 895, 897 (7th Cir. 1999) (noting that class consisted of class representative "and 35 other[s]"); *Swanson v. Am. Consumer Indus., Inc.,* 415 F.2d 1326, 1333 n. 9 (7th Cir.1969) (40 class members is a sufficiently large group to satisfy Rule 23(a)).

### 2. The Rule 23 Class and FLSA Collective satisfy Rule 23's commonality requirement because all putative members were subject to the same pay practices and common questions of law and fact predominate

Rule 23(a) requires a finding that there are questions of fact or law which are common to the class. FED. R. CIV. P. 23(a)(2). This requires plaintiffs to show that they have all suffered the same injury, a "common contention" such that resolving the common issue will resolve all of the included claims in a single stroke. *Wal-Mart v. Dukes*, 131 S. Ct. 2541, 2551 (2011) ("What matters to class certification . . . is not the raising of common 'questions' . . . but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." (internal citations omitted)); *Williams-Green v. J. Alexander's Rests., Inc.*, 277 F.R.D. 374 (N.D. Ill. 2011) ("[Plaintiff] has demonstrated that her claims . . . arise from a common nucleus of fact based upon standardized conduct and, therefore, has satisfied the commonality requirement of Rule 23(a)(2).").

Questions common to putative members of the Rule 23 Class and FLSA Collective include whether St. Paul included all non-discretionary forms of remuneration in hourly-paid, non-exempt employees' regular rates of pay for overtime compensation purposes in workweeks in which said employees worked in excess of forty (40) hours.

The common questions of law and fact, as alleged in the Complaint, are sufficient to meet the FED. R. CIV. P. 23(a)(2) standard as they arise from a common nucleus of operative fact, namely St. Paul's timekeeping and payroll policies.

### 3. The Rule 23 Class and FLSA Collective satisfy Rule 23's typicality requirement because Eckstein's claims are legally and factually similar to putative members' claims

The typicality requirement is closely related to the question of commonality. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). A plaintiff's claim is typical if it arises from the

13

same event or practice or course of conduct that gives rise to the claims of other class members, and his or her claims are based on the same legal theory. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "The typicality and commonality requirements of the Federal Rules ensure that only those plaintiffs . . . who can advance the same factual and legal arguments may be grouped together as a class." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997). The typicality requirement, however, focuses only on whether the plaintiff's claim is based on the same legal theory and arises from the same course of conduct that gives rise to the claims of the other members of the proposed class. *Rosario*, 963 F.2d at 1018. Typicality focuses on the defendant's actions leading to the alleged violation and not on possible particularized defenses against certain individual class members. *Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996).

Eckstein is a member of the Rule 23 Class and the FLSA Collective. The legal theory advanced by Eckstein - that St. Paul failed to correctly calculate her regular rate of pay for overtime compensation purposes - applies equally to Eckstein and the class and collective members she seeks to represent. Because Eckstein's claims involve the same legal theories and arise from the same course of conduct that gives rise to the claims of the Rule 23 Class and FLSA Collective members, Rule 23's typicality requirement has been satisfied.

### 4. **Eckstein and Class Counsel will fairly and adequately protect the interests of the Rule 23 Class and FLSA Collective**

The final inquiry under Rule 23(a) consists of two parts: (1) the adequacy of Class Counsel; and (2) the adequacy of representation provided in protecting the different, separate and distinct interests of class members. *Retired Chicago Police Ass'n v. Chicago*, 7 F.3d 584, 598 (7th Cir. 1993) (quoting *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986) (*en banc*)).

Walcheske & Luzi, LLC seeks to represent the Rule 23 Class and FLSA Collective. Walcheske & Luzi, LLC has served as Class Counsel in numerous cases involving claims similar to Eckstein's claims. *See e.g.*, *Nicole Dietzen v. Community Loans of America, Inc.*, Case No. 2018-cv-818 (E.D. Wis. 2018); *John Weninger v. General Mills Operations, LLC*, Case No. 18-cv-321 (E.D. Wis. 2018); *Slaaen, et al. v. Senior Lifestyle Corporation, et al.,* Case No. 18-cv-1562 (E.D. Wis. 2018); *Clark v. Brunswick Corp.,* Case No. 19-cv-141 (E.D. Wis. 2019); etc.

Further, Eckstein does not have any antagonistic or conflicting interests with the class members she seeks to represent. Eckstein allegedly has been injured by the same conduct as the class members she seeks to represent and seeks compensation on her own behalf and on behalf of the class members she seeks to represent for those injuries. Eckstein has thus satisfied the requirements of FED. R. CIV. P. 23(a).

### C. Eckstein has Satisfied Rule 23(b) because Common Questions of Law and Fact Predominate Over any Individualized Inquiries and because Judicial Economy is Enhanced by Class Treatment

In addition to meeting the FED. R. CIV. P. 23(a) standards, Eckstein must satisfy one of the FED. R. CIV. P. 23(b) standards. Where, as is the case in this matter, Eckstein seeks monetary damages, the inquiry properly focuses on FED. R. CIV. P. 23(b)(3). *Blihovde*, 219 F.R.D. at 619.

Under FED. R. CIV. P. 23(b)(3), certification of the class is proper where: (1) questions of law or fact common to the entire class predominate over individual claims; and (2) a class action is superior to other methods for fair and efficient adjudication. FED. R. CIV. P. 23(b)(3). The Seventh Circuit has summarized this standard by stating that, "class action treatment is appropriate and permitted by Rule 23 when judicial economy from the consolidation of separate claims outweighs any concern with possible inaccuracies from their being lumped together in a single

proceeding for a decision by a single judge or jury." *Mejdrech v. Met-Coil Sys. Corp.*, 319 F.3d 910, 911 (7th Cir. 2003).

### 1. Common questions of law or fact predominate

The question to be answered here is whether the proposed class is sufficiently cohesive to warrant adjudication by representation. *Blihovde*, 219 F.R.D. at 620 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). When challenging a uniform policy, the validity of those policies predominate over individual issues and class certification is appropriate. *Id*. (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 147 n. 20 (1982)). Further, where a uniform policy is challenged, individual inquiries into the application of that policy to an individual within the class will not supplant predominance. *Id*.

Through this settlement, the Parties have resolved a dispute regarding St. Paul's policy and practices regarding its calculation of the regular rate for overtime compensation purposes, which Eckstein alleges violated the law. Because the practices were uniformly applied to members of the Rule 23 Class and FLSA Collective, and because this settlement resolves the Parties' disputes over these practices, common issues predominate and satisfy Rule 23(b)(3).

### 2. Class resolution is the superior method of resolving these claims

The second FED. R. CIV. P. 23(b)(3) requirement, superiority, has also been met in this case. In evaluating superiority, Courts consider: (1) the interests of the class members in controlling the prosecution of their own claims; (2) the existence of other pending litigation related to the same controversy; (3) the desirability of concentrating the claims in one forum; and (4) the difficulty of managing the class. FED. R. CIV. P. 23(b)(3). Neither Eckstein nor St. Paul are aware of any other pending litigation regarding this controversy.

The desirability of class resolution in this case is readily apparent by the size of the Rule 23 Class and FLSA Collective and the nature of the alleged violation. The challenged policy allegedly harmed each member of the putative class; however, the putative class members' individual interests in prosecuting these claims is small given the relatively small monetary value of each individual's claim. To the extent that any member of the Settlement Class would prefer to litigate his/her claim separately, the class mechanism will provide him/her an opportunity to opt out of the Rule 23 Class and do so. Moreover, the monetary value of each member's claim is relatively small such that individual adjudication of the claims is practically inefficient and unlikely.

Because a class is a superior method for resolving this dispute, Eckstein requests that the Rule 23 Class and FLSA Collective classes be certified.

**D.     The Parties' Proposed Notice and Manner of Service are Appropriate**

In order to protect the rights of absent members of a settlement class, the Court must provide the best notice practicable to all members. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1985). Such a notice should define the class, describe clearly the options open to the class members and deadlines for taking action, describe the terms of the proposed settlement, disclose any special benefits provided to class representatives, provide information regarding attorneys' fees, indicate the time and place of the fairness hearing, explain the procedure for distributing settlement funds, provide information that will enable the class members to calculate individual recoveries, and prominently display the address and telephone number of class counsel and the procedure for making inquiries. Manual for Complex Litigation at § 21.312.

The class notice, attached as Exhibit B to the Agreement, meets each of the above criteria. (ECF No. 18-1, Ex. B).

The parties jointly request that the Court set the following schedule in accordance with the Agreement:

(a) Class Counsel will mail the Notice to the members of the Settlement Class in a form substantially similar to what is attached to the Agreement as Exhibit B within thirty five (35) days following entry of this Court's Preliminary Order;

(b) Members of the Settlement Class will have forty-five (45) days after the initial mailing of the Notices to opt out of the Rule 23 Class or file and serve a written objection to the Agreement (the "Notice Period");

(c) Members of the Settlement Class will have forty-five (45) days after the initial mailing of the Notices to file their "Consent to Join" form in order to participate in the FLSA Collective;

(d) Any supplemental brief in support of final approval of the Agreement or in response to any objections to the application for attorneys' fees shall be filed at least seven (7) days prior to the Fairness Hearing; and

(e) A final hearing on the fairness and reasonableness of the Agreement, and whether final approval shall be given to it, Class Counsel's request for attorneys' fees and costs, and Eckstein's service award will be held before this Court on a date most convenient to the court, but in no case sooner than thirty (30) days after the close of the Notice Period.

## **CONCLUSION**

For all the reasons stated above, the parties respectfully request that the Court enter an order that: (1) preliminarily approves the Agreement attached as ECF No. 18-1; (2) certifies, for settlement purposes only, the proposed Rule 23 Class and FLSA Collective; (3) appoints Walcheske & Luzi, LLC as Class Counsel; (4) appoints Eckstein as representative of the

Settlement Class; (5) approves the mailing of Notice to class members in a form substantially similar to Exhibit B to ECF No. 18-1; (6) sets deadlines for members of the Settlement Class to opt out of the case or object to the Agreement; (7) sets deadlines for members of the Settlement Class to opt in to the FLSA Collective; (8) finds that such Notice process satisfies due process; (9) directs that any member of Rule 23 Class who has not properly opted out of the Rule 23 Class and FLSA Collective members who opted in to the FLSA Collective shall be bound by the Agreement in the event the Court issues a Final Order Approving Settlement; (10) directs that any member of the Rule 23 Class or FLSA Collective who wishes to object to the Agreement in any way must do so per the instructions set forth in the Notice; and (11) schedules a hearing for final approval of the Agreement.

Dated this 17th day of March, 2020

| | |
|---|---|
| *s/ David M. Potteiger* | *s/ Christopher K. Schuele* |
| James A. Walcheske, SBN 1065635 | Robert K. Sholl, SBN 1016881 |
| Scott S. Luzi, SBN 1067405 | Christopher K. Schuele, SBN 1093960 |
| David M. Potteiger, SBN 1067009 | Brittany Lopez Naleid, SBN 1065846 |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |
| | |
| Walcheske & Luzi LLC | Reinhart Boerner Van Deuren SC |
| 15850 W. Bluemound Road, Suite 304 | 1000 North Water Street, Suite 1700 |
| Brookfield, Wisconsin 53005 | Milwaukee, WI 53202 |
| Telephone: (262) 780-1953 | Telephone: (414) 298-1000 |
| Email: jwalcheske@walcheskeluzi.com | Email: rsholl@reinhartlaw.com |
| Email: sluzi@walcheskeluzi.com | Email: cschuele@reinhartlaw.com |
| Email: dpotteiger@walcheskeluzi.com | Email: bnaleid@reinhartlaw.com |